[758 NYS2d 336]

In the Matter of YAAKOV KANOVSKY, an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE SECOND AND ELEVENTH JUDICIAL DISTRICTS, Petitioner.

Second Department, March 3, 2003

**APPEARANCES OF COUNSEL**

*Diana Maxfield Kearse*, Brooklyn (*Robert J. Saltzman* of counsel), for petitioner.

*Yaakov Kanovsky*, Brooklyn, respondent pro se.

**OPINION OF THE COURT**

Per Curiam.

The Grievance Committee served the respondent with a peti-

tion dated January 17, 2002, containing four charges of professional misconduct. After a pretrial conference on April 18, 2002, and a hearing on May 13, 2002, the Special Referee sustained all four charges. The petitioner now moves to confirm the Special Referee's report and to impose such discipline upon the respondent as the Court deems just and proper. The respondent cross-moves to reject the Special Referee's report as it applies to Charges One, Two, and Three.

Charge One alleges that the respondent commingled personal funds with funds entrusted to him as a fiduciary incident to his practice of law, in violation of Code of Professional Responsibility DR 9-102 (a) and (b) (22 NYCRR 1200.46 [a], [b]). The respondent maintained an attorney escrow account denominated "Yaakov Kanovsky CitiEscrow Control Account." Between January 1, 1998, and June 30, 2000, the respondent deposited into that account paychecks from his employer, Shapiro & Shapiro, P.C., totalling $8,219. During that interval, the respondent also kept in that account funds entrusted to him as a fiduciary incident to his practice of law.

Charge Two alleges that the respondent misappropriated funds entrusted to him as a fiduciary, in violation of Code of Professional Responsibility DR 9-102 (a) (22 NYCRR 1200.46 [a]). The respondent deposited a $1,000 real estate binder from Camford Development into his attorney escrow account on or about July 8, 1999. On December 9, 1999, the balance in that account had fallen to $0.22. The funds were not returned to Camford Development until January 28, 2000.

Charge Three alleges that the respondent engaged in conduct involving fraud, deceit and misrepresentation, and conduct prejudicial to the administration of justice, in violation of Code of Professional Responsibility DR 1-102 (a) (4) and (5) (22 NYCRR 1200.3 [a] [4], [5]). The respondent deposited personal funds into his attorney escrow account in order to evade child support liens filed against him by several jurisdictions.

Charge Four alleges that the respondent improperly made cash withdrawals from his escrow account, in violation of Code of Professional Responsibility DR 9-102 (e) (22 NYCRR 1200.46 [e]). Between January 1, 1998, and June 30, 2000, the respondent withdrew cash from his attorney escrow account at ATM machines on approximately 40 occasions totalling $14,633.86.

Based on the evidence adduced, the Special Referee properly sustained all four charges. Accordingly, the petitioner's motion to confirm the Special Referee's report is granted, and the respondent's cross motion is denied.

In determining an appropriate measure of discipline to impose, the respondent notes that he is not seeking the Court's sympathy for his physical condition or for the continuing inequities caused by the allegedly illegal support actions against him. According to the respondent, he merely seeks a fair understanding that he never tried to evade any legitimate support order by shielding any personal funds in the escrow checking account. He maintains that he is not guilty of commingling because client funds were segregated in separate escrow accounts. The respondent also states that he has desisted from that practice since he commenced a federal action and will continue to do so in the future despite great costs.

Although the respondent has no disciplinary history, the evidence supports the conclusion that he used his escrow account and his business/personal accounts as one. Under the totality of circumstances, the respondent is suspended from the practice of law for a period of five years.

PRUDENTI, P.J., RITTER, SANTUCCI, ALTMAN and FLORIO, JJ., concur.

Ordered that the motion to confirm the report of the Special Referee is granted and the cross motion is denied; and it is further,

Ordered that the respondent, Yaakov Kanovsky, is suspended from the practice of law for a period of five years, commencing April 3, 2003, and continuing until the further order of this Court, with leave to the respondent to apply for reinstatement no sooner than six months prior to the expiration of the five-year period upon furnishing satisfactory proof that during that period he (a) refrained from practicing or attempting to practice law, (b) has fully complied with this opinion and order and with the terms and provisions of the written rules governing the conduct of disbarred, suspended, and resigned attorneys (*see* 22 NYCRR 691.10), and (c) has otherwise properly conducted himself; and it is further,

Ordered that pursuant to Judiciary Law § 90, during the period of suspension and until the further order of this Court, the respondent, Yaakov Kanovsky, shall desist and refrain from (1) practicing law in any form, either as principal or agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, com-

mission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law.